UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-14665-BKC-LMI
CHAPTER 13

IN RE:

ADVERSARY PROCEEDING NO. 12-01841-LMI

JESUS ROBERTO SOLER
    Debtor.
_____/

MARIA M. YIP
    Plaintiff.

vs.
JESUS ROBERTO SOLER,
    Defendant.
_____/

## MOTION FOR REHEARING OF ORDER DENYING DEFENDANT'S MOTION TO DISMISS [ECF 22]

The Defendant, JESUS SOLER , moves this Honorable Court for a Rehearing of Order Denying Defendant's Motion to Dismiss the Adversary Complaint [ECF 22] and states:

This Court overlooked or failed to consider the following:

    1.   The opening paragraph of the Order states that the Complaint was based on an extension of time of a Complaint to determine the dischargeability of a debt. (FRBP 4007(c).) The Trustee's Complaint in this case, was objecting to the Debtor's Dischargeability pursuant to several subsections of 11 U.S.C. § 727. The enlargement rule is 4004(a).

    2.   FRBP 9006(b)(1) provides that an enlargement of time may be granted for cause at any time within the Court's discretion. The Rule provides that excusable neglect may provide the basis for an enlargement of time.

        Rule 9006(b)(1) starts off "except as provided in paragraphs (2) and (3) of

this subdivision". Rule 9006(b)(3) specifically excludes rules 4004(a) and 4007(c). Enlargement under these rules are available "only to the extent and under the conditions stated in those rules".  After review of these particular rules, the only available enlargement of time allowable, is if a Motion to Extend the Time is filed prior to the expiration date. There are no exceptions and the "excusable neglect standard" does not apply. These deadlines are "hard" deadlines.

      3.   This Court cites: "In *In re Chira*, 343 B.R. 361, 369-371 (Bankr. S.D. Fla. 2006), *aff'd*, 378 B.R. 698 (S.D. Fla. 2007), *aff'd*, 567 F.3d 1307 (11th Cir. 2009), wherein Judge Olson held that the court could extend *nunc pro tunc* the 11 U.S.C §365(d)(1) deadline for a chapter 7 trustee to accept or reject an executory contract after the court had already granted a timely motion seeking to extend the initial 60-day deadline." The Court also cites: "In *PAH Recovery Holdings, LLC, v. Pan American Hospital Corp. (In re Pan American)*, Ch. 7 Case no. 06-CIV 21593 (S.D. Fla. September 2006), Judge Gold affirmed Judge Cristol who held that the 11 U.S.C. §1121(b) deadlines for exclusivity to file a chapter 11 plan, once extended by court order, may then be adjusted in accordance with Fed. R. Bankr. P. 9006(b). Judge Gold rejected the appellants' arguments that Judge Cristol's actions conflicted with statutory deadlines."

      4.   These cases are inapplicable, as the rules cited are not included in 9006(b)(3). In *In re Chira*, the time period to be extended was the time to accept or reject an executory contract, pursuant to 11 U.S.C. § 365(d)(1), and in *In re Pan American*, it was a deadline for exclusivity to file a Chapter 11 plan, pursuant to 11 U.S.C. § 1121(b). These rules are the under ambit of 9006(b)(1) and not specifically excluded, as enumerated in rule 9006(b)(3).

      5.   Although the Court cites that rule 4007(c) requires that a § 727 complaint must be filed within the 60 day deadline, actually the rule is 4004(a). Both of these rules are

specifically excluded from rule 9006(b)(1), and therefore, "excusable neglect" is not available to enlarge the time to file a § 727 complaint.

WHEREFORE, the Defendant requests this Honorable Court move to Rehear it's Order Denying the Defendant's Motion to Dismiss the Adversary Complaint [ECF 22], and enter an order dismissing the Complaint against the Debtor.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was sent by email to Nicole M. Grimal, Esquire at ng@ecclegal.com, this 24th day of January, 2013.

> LAW OFFICES OF MICHAEL J. BROOKS, MICHAEL A. FRANK
> & RODOLFO H. DE LA GUARDIA, JR.
> Attorneys for the Debtor
> Suite 620 • Union Planters Bank Building
> 10 Northwest LeJeune Road
> Miami, FL 33126-5431
> Telephone (305) 443-4217
> Email- Pleadings@bkclawmiami.com
>
> By  /s/   Michael A. Frank
> Michael A. Frank
> Florida Bar No. 339075